691 So.2d 1321 (1997)
James H. "Jim" BROWN, as Commissioner of Insurance for the State of Louisiana, in his capacity as liquidator of Car Insurance Company in Receivership (f/k/a Automotive Casualty Insurance Company)
v.
A.J. ADOLPH, Frank Adolph and Mark Adolph.
No. 96 CA 1257.
Court of Appeal of Louisiana, First Circuit.
March 27, 1997.
*1322 Richard A. Curry, Rodolfo J. Aguilar, Jr., and S. Jess Sperry, Baton Rouge, for Plaintiff-Appellant James H. "Jim" Brown, Commissioner of Insurance for the State of Louisiana.
Bernard Marcus and William E. Wright, Jr., New Orleans, for Defendants-Appellants A.J. Adolph and Frank Adolph.
Before WATKINS, GONZALES and KUHN, JJ.
WATKINS, Judge.
This is an appeal by defendant, A.J. Adolph,[1] from a partial summary judgment in favor of the plaintiff James Brown, Commissioner of Insurance for the State of Louisiana, *1323 appearing in his capacity as liquidator of Car Insurance Company in Liquidation (f/k/a Automotive Casualty Insurance Company) (Commissioner).

BACKGROUND FACTS
On August 24, 1992, the Commissioner filed a petition for conservation against Automotive Casualty Insurance Company (ACIC or Old ACIC). On September 1, 1992, the parties entered into a consent order of rehabilitation, by which ACIC and its managing general agent, Adolph Enterprises, Inc., d/b/a Automotive Protection Services (APS), were placed into rehabilitation. The rehabilitation was later converted to a liquidation by ex parte order dated January 20, 1993.
On February 3, 1993, the Commissioner instituted a new proceeding directed at Automotive Financial Services, Inc. (AFS) and its sole shareholder, A.J. Adolph. In that proceeding, the Commissioner alleged that AFS, a finance company which had been operated by A.J. Adolph for more than 15 years before ACIC was formed, was a "single business enterprise" with ACIC and APS. After a seven day trial, judgment was rendered on June 4, 1993, declaring AFS, ACIC and APS to be a "single business enterprise" and ordering the liquidation of AFS as part of ACIC. The judgment was affirmed by this court in Brown v. Automotive Cas. Inc. Co., 93-2169 (La.App. 1st Cir. 10/7/94); 644 So.2d 723, writ denied, 94-2748 (La.1/6/95); 648 So.2d 932. During the pendency of the proceeding against AFS and A.J. Adolph, the Commissioner initiated the instant suit seeking recovery of damages from the former directors of ACIC, APS, and AFS. The plaintiff thereafter filed a "First Amended and Restated Petition," naming additional defendants.[2] On January 14, 1994, the Commissioner filed a second motion and order for partial summary judgment, specifically seeking outstanding amounts on loans made to A.J. Adolph and Frank Adolph. The following pertinent undisputed facts were set forth in the plaintiff's memorandum in support of summary judgment:
2. On May 22, 1991, A.J. Adolph received a loan from AFS in the amount of $600,000.00. Of this amount, $21,000.00 was repaid to AFS, and $230,000.00 was later treated as a bonus to A.J. Adolph, leaving as [sic] unpaid balance on the loan of $349,000.00. Interest accrued on this balance in the amount of $10,731.75 as of September 30, 1991, all as evidenced by Check Number 3219, dated May 22, 1991, payable to A.J. Adolph, adjusting journal entries dated September 30, 1991, the Balance Sheet of AFS dated July 31, 1992, and the Affidavit of Special Deputy Liquidator, R. Peter Girouard, Jr. (the "Liquidator's Affidavit"). (Copies of Check Number 3219 is attached as Exhibit E, adjusting journal entries are attached as Exhibit F, Balance Sheet of AFS is attached as Exhibit G, and the Liquidator's Affidavit is attached as Exhibit H.)
3. A. J. Adolph and Frank Adolph received loans from AFS, which balances were $55,418.29 and $19,906.16 respectively before they were written off by AFS on November 30, 1992, as a cash expense as evidenced by the cash receipts records dated November 30, 1992, and the Liquidator's Affidavit. (The cash receipts records are attached as Exhibit I.)
4. A. J. Adolph, Frank Adolph, and Mark Adolph have refused to return any sums advanced by AFS, despite amicable demand.
5. By order dated October 1, 1992, A.J. Adolph is to receive a one-time credit in the amount of Three Hundred Thousand and No/100 ($300,000.00) Dollars against any judgment that is issued against A.J. Adolph. A copy of the order is attached as Exhibit J.
Plaintiff's motion for partial summary judgment was heard on June 29, 1994, and judgment was granted in favor of plaintiff against A.J. Adolph for $415,150.04,[3] and *1324 against Frank Adolph for $19,906.16. The defendants filed a motion for new trial, and in support thereof submitted the affidavit of Mr. A.J. Adolph describing the circumstances giving rise to the amount for which the Commissioner sought recovery. The Commissioner filed a motion to strike the affidavit of Mr. Adolph. After hearing, the court denied the motion for new trial, and granted the motion to strike.
Defendants appealed, alleging the following assignments of error:
1. The trial court erred in granting relief beyond that which was sought in the Commissioner's lawsuit against the Adolphs.
2. The trial court erred in granting a partial summary judgment on one of many theories of law.
3. The trial court erred in considering the Affidavit of R. Peter Girouard who had no personal knowledge of the facts set forth in his Affidavit.
4. The trial court erred in awarding judgment against A.J. Adolph and Frank Adolph on loans which were written off by the corporation.
5. The trial court erred in refusing to consider the Affidavit of A.J. Adolph in which he denied that the amounts received by him from AFS were to be treated as "loans."

SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Louisiana Code of Civil Procedure Article 966(B) provides that a motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
Prior to 1996 La. Acts, First Extraordinary Session, No. 9, which amended LSA-C.C.P. art. 966, summary judgments were not favored, and all doubt concerning a dispute as to a material issue of fact was resolved against granting the motion for summary judgment and in favor of a trial on the merits. See Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 385 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991). However, LSA-C.C.P. art. 966 A(2), as amended, now provides in part, "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." As this legislation is procedural in nature, it must be applied retroactively, as well as prospectively. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555, p. 3 (La. App.2d Cir. 8/21/96); 679 So.2d 477, 479; Short v. Giffin, 96-0361, pp. 5-6 (La.App. 4th Cir. 8/21/96); 682 So.2d 249, 253, writ denied, 96-3063 (La.3/7/97); 689 So.2d 1372. See also LSA-C.C. art. 6. Nevertheless, the amendments to LSA-C.C.P. art. 966 do not effect a change in the burden of proof, as specified in Paragraph (G): "Notwithstanding any other provision of this Article to the contrary, the burden of proof shall remain with the mover." See also Short, 682 So.2d at 253; Walker v. Kroop, 96-0618, p. 4 (La.App. 4th Cir. 7/24/96); 678 So.2d 580, 583. Therefore, prior jurisprudence on the issue of a mover's burden of proof on a motion for summary judgment is still controlling.
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson, 574 So.2d at 384; Frazier v. Freeman, 481 So.2d 184, 186 (La.App. 1st Cir. 1985). The initial determination, on motion for summary judgment, is whether the supporting documents presented by the moving party are sufficient to resolve all material issues of fact; if they are not sufficient, summary judgment shall be denied. See Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 28 (La.7/5/94); 639 So.2d *1325 730, 752. It is only if the court determines that the moving party has met this burden that the burden of proof shifts to the opposing party to present evidence that a material fact is still at issue; only at this point may the adverse party no longer rest on the allegations contained in his or her pleadings. Robertson, 574 So.2d at 384.
The court should not seek to determine whether it is likely that the mover will prevail on the merits, but rather whether there is an issue of material fact. Insley v. Titan Insurance Company, 589 So.2d 10, 13 (La.App. 1st Cir.1991); Good v. Fisk, 524 So.2d 203, 205 (La.App. 4th Cir.1988).
Initially, defendant contends that the trial court erred in granting recovery of the loans because the petition failed to set forth sufficient facts to support a cause of action for recovery of the loan amounts. Our review of the plaintiff's petition[4] reveals the following pertinent factual allegations:
8.
[T]he Commissioner has identified acts and omissions committed by or involving A.J. Adolph, Frank Adolph ... which have resulted in losses suffered by Old ACIC and other entities owned and controlled by the Commissioner in connection with the conservation, rehabilitation and liquidation of Old ACIC.
. . . . .
18.
A.J. Adolph, Frank Adolph, ... diverted assets of Old ACIC, APS and AFS for their personal gain or for other improper purposes.
. . . . .
24.
Other assets of APS, AFS and/or Old ACIC were transferred to A.J. Adolph, sometimes characterized and booked as loans, although no notes were given and no interest or terms of repayment were established.
. . . . .
27.
Timothy Murphy provided financial opinions, audits and other statements of Old ACIC, APS and AFS which failed to disclose the diversion of assets of Old ACIC, APS and AFS, the nature and scope of "loans" to A.J. Adolph....
. . . . .
46.
According to information contained in the records of Old ACIC, AFS and APS which have been reviewed by the liquidator and his staff, it appears that the defendants have received payments, loans, capital contributions and/or distributions of assets from Old ACIC and related and affiliated entities.
LSA-C.C.P. art. 891 requires a petition to "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation...."
It is well recognized that the Louisiana Code of Civil Procedure sets forth a system of fact pleading. As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence; the "theory of the case" doctrine, under which a party must select a theory of his case or defense and adhere to it throughout the litigation, has been abolished. Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848, 855 (La.1974). The defendant is not prejudiced if the petition fairly informs the defendant of the nature of the plaintiff's claims and the plaintiff acts consistently therewith. See First South Production Credit Association v. Georgia-Pacific, 585 So.2d 545, 548-549 (La.1991); Brewhouse, Limited v. New Orleans Public Service, Inc., 614 So.2d 118, 124-125 (La.App. 4th Cir.1993). Furthermore, "[w]hether evidence is within the general issues raised by the pleadings is usually a matter left to the discretion of the trial court." Cooper v. AMI, Inc., 454 So.2d 156, *1326 161 (La.App. 1st Cir.), writ denied, 459 So.2d 539 (La.1984).
In the instant case the plaintiff's petition alerts the defendant that it seeks to recover for the loans made to the defendants. Furthermore, the motion for partial summary judgment filed on January 14, 1994, clearly sets forth the facts upon which the plaintiff sought recovery on the loans. After a continuance, the motion for summary judgment was not heard until June 29, 1994. Thus, the defendants were aware of the facts supporting plaintiff's cause of action for recovery of the loans for over five months before the hearing. Under these circumstances, we find no prejudice to the defendant as we believe that the plaintiff's petition fairly informed the defendant of the nature of the claims against him.
The defendant also contends that the trial court erred in granting a partial summary judgment on one of many theories of law. Defendant cites the cases of Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993), and First National Bank of Jefferson Parish v. Lloyd's Underwriters, 629 So.2d 507 (La.App. 5th Cir.1993), writ denied, 94-0425 (La.4/4/94); 635 So.2d 1110, for the proposition that summary judgment cannot be used to obtain a judgment on one of several theories of recovery arising out of the same operational facts. We find that the cited cases are factually distinguishable from the instant case in that each case involved the defendant's attempt to strike down a theory of the plaintiff's case.
The issue in the instant case is clearly addressed in LSA-C.C.P. art. 966 A.(1) which provides that "[t]he plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed." Although a summary judgment which merely strikes down a theory of the plaintiff's case without any relief is not authorized, it is appropriate to grant a summary judgment where at least part of the relief which is prayed for is granted. See State v. Exxon Corporation, 95-2370, p. 3 (La.App. 1st Cir. 6/28/96); 676 So.2d 788, 789.
Plaintiff also contends that the trial court erred in considering the affidavit of Special Deputy Liquidator, R. Peter Girouard. Plaintiff argues that Mr. Girouard's affidavit does not comply with the requirements of LSA-C.C.P. art. 967, and contains hearsay evidence because the facts stated in Mr. Girouard's affidavit are not based upon personal knowledge but instead are based upon his "review of the lawsuit" and "his review of the files" of the defendant companies. We disagree with the defendant's assessment of Mr. Girouard testimony. Mr. Girouard testified concerning his knowledge as a CPA and Liquidator of the company. He testified as to what he found in the records based on his personal review of the records. His testimony was supported by the very documents he testified about. We find no merit in this assignment of error.
In defendant's fourth assignment of error he contends that the trial court erred in awarding plaintiff the loan amount of $55,418.29, when the company records indicate that the loan was "written off" as a cash expense on November 30, 1992. Defendant argues that the evidence does not support the court's award. We disagree.
It appears that the defendant is arguing that because the company records show that the debt was "written off," this is the equivalent of a remission of the debt in his favor. LSA-C.C. art. 1888 provides that a remission of debt by an obligee may be express or tacit and extinguishes the obligation. No consideration is required and the absence of a dispute is unimportant. All that is required is a finding that the creditor intended to remit his claim or that he estopped himself to claim the contrary. Arender v. Gilbert, 343 So.2d 1146, 1152 (La.App. 3d Cir.1977).
The defendant has not directed our attention to any case in support of this argument nor have we discovered any support for this interpretation of LSA-C.C. art. 1888. Although the company records indicate that the loan was "written off" on November 30, 1992, we do not believe that this internal accounting procedure, without more, constitutes *1327 a remission of the debt. The decision to write off a debt can be based upon financial reasons unrelated to an intent to remit the debt. Accordingly, we find no error in the trial court's award of the loan amount of $55,418.29.
Finally, defendant contends that the trial court erred in failing to consider the affidavit of A.J. Adolph which was submitted with defendants' motion for a new trial.
LSA-C.C.P. art.1972 provides that a new trial shall be granted when the verdict appears clearly contrary to the law and evidence, when there is important newly discovered evidence, or if the jury was bribed or acted improperly. LSA-C.C.P. art.1973 provides that a judge may grant a new trial for good ground in any case. When considering a motion for new trial, the trial judge has wide discretion. Porche v. Winn-Dixie Louisiana, Inc., 93-2075, p. 4 (La.App. 1st Cir. 10/7/94); 644 So.2d 699, 702, writ denied, 94-2643 (La.12/16/94); 648 So.2d 394.
The affidavit of A.J Adolph, in which he attests that the May 22, 1991 transaction was in fact a bonus and not a loan, cannot be considered newly discovered evidence as it is obvious that Mr. Adolph was aware of this information before the summary judgment. Accordingly, the defendant's motion for a new trial cannot be based upon this evidence. See Core v. Winn-Dixie of Louisiana, Inc., 471 So.2d 240, 243 (La.App. 1st Cir.), writ denied, 476 So.2d 353 (La.1985). We further find no abuse of discretion by the trial court under LSA-C.C.P. art. 1973.
For the reasons set forth above, we affirm the judgment of the trial court in all respects. Costs of this appeal are assessed to A.J. Adolph.
AFFIRMED.
NOTES
[1] Mr. Frank Adolph, another defendant in this matter, also appealed the judgment; however, he sought and was granted a dismissal of his appeal by this court.
[2] The First Amended and Restated Petition names the following defendants: A.J. Adolph, Frank Adolph, Mark Adolph, Jill Adolph Hollander, Joan Adolph, Timothy Murphy, and Timothy Murphy & Associates, Inc.
[3] It appears that this figure is based upon original loan amounts of $600,000.00 and $55,418.29, interest in the amount of $10,731.75, and a credit of $230,000.00 representing a bonus to Mr. A.J. Adolph.
[4] References to the plaintiff's "petition" for the purposes of this opinion will be to the plaintiff's "First Amended and Restated Petition."