| gGOTHARD, Judge.
Defendant, McKenzie’s Tree Service, Inc., appeals from a judgment rendered in First Parish Court for the Parish of Jefferson in favor of plaintiff, Dorothy R. Schnell. For the following reasons, we reverse the decision of the trial court.
On April 4, 1996, Michelle St. Romain lost control of her vehicle and struck a tree on the property of plaintiff, Ms. Schnell. The impact caused the tree to uproot. Ms. St. Romain was able to drive her vehicle away from the scene of the accident.
The next day, Ms. Schnell contacted defendant McKenzie and requested a quote on how much it would cost to remove the tree. John McKenzie, Jr. quoted her a price of $1,000.00. Ms. Schnell agreed to the price and McKenzie removed the tree.
| sShortly thereafter, on August 23, 1996, Ms. Schnell filed suit against Ms. St. Ro-main, her insurer Liberty Mutual and McKenzie.[1] In her petition, Ms. Schnell stated her cause of action against McKenzie as follows:
X
That in an attempt to mitigate damages, petitioner retained the services of McKenzie’s Tree Service, Inc.
*924 XI
That at all times material hereto, John McKenzie was the owner and an employee of McKenzie’s Tree Service, Inc.
XII
That John McKenzie/McKenzie’s Tree Service, Inc. was paid $1,000.00 to remove the damaged property in question, when in truth and in fact, such removal was improper, unwarranted and in violation of City and Parish ordinances.
XIII
That the defendants have jointly refused to mitigate damages, reimburse petitioner, and have intentionally delayed amicable resolution to this incident.
McKenzie filed an exception of no cause/ right of action; in opposition Ms. Schnell argued that “Notwithstanding the fact that the City or Parish should have exclusively removed the damaged tree, Mrs. Schnell paid for something that should not have been incurred.” McKenzie’s exception of no cause/right of action, as well as a motion for summary judgment filed by Ms. Schnell, was denied by the trial court.
The matter proceeded to trial on the merits. The plaintiff argued that McKenzie removed not one, but two, trees from her yard and that there was no |4reason to remove the second tree. McKenzie contended the service removed only one tree. Both parties testified that McKenzie quoted a price of $1,000.00 and that Ms. Schnell agreed to that price. Over the objection of counsel for McKenzie, the trial court allowed expert testimony to prove that the cost of removal of a tree the size of the one at issue should have been around $300.00. At the conclusion of trial, the trial judge ruled in favor of plaintiff, awarding her $700.00, plus legal interest, and an expert fee of $500.00, plus all costs.
In oral reasons for judgment the trial court said:
... We’re talking about a contract between Ms. Schnell and Mr. McKenzie’s tree service. It’s a contract. It’s not a tort. Okay? And the basis of a breach of contract is that she was overcharge (sic) for the services and I think she was. I think that a thousand dollars was way to (sic) much to remove a small tree ...
... It’s my, and it’s my ruling that the tree was a very small tree and it shouldn’t have cost a thousand dollars to take it down. I’m going to award her the sum of seven hundred dollars. I think that the fairer cost would have been three hundred dollars for the removal of that tree..
.... I don’t find that the plaintiff has proved any claim for any other damages. Even the removal of the tree, if it was removed, if she asked for it to be removed, that’s fine. He doesn’t have to pay for the cost of the removal of it, if that in fact happened ...
The court further found that plaintiff did not prove that a second tree was removed.
On appeal, McKenzie argues first that the trial court erred in finding that plaintiff stated a cause of action in her petition and/or in allowing plaintiff to expand her pleadings during trial. Plaintiff further alleges that the trial court erred in allowing plaintiff to introduce evidence regarding a cause of action not pled over a timely objection of defense counsel. Second, defendant alleges that | ¡¿he trial court erred in finding that defendant breached the contract and in reducing the contractual price for services rendered.
We find merit to defendant’s contention that plaintiff failed to properly plead a claim for breach of contract, and therefore the trial court erred in allowing evidence on this issue at trial.
La. C.C.P. art. 891 requires a petition to “contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the *925 subject matter of the litigation ...” The Louisiana Code of Civil Procedure sets forth a system of fact pleading. As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence; the “theory of the case” doctrine, under which a party must select a theory of his case or defense and adhere to it throughout the litigation, has been abolished. Brown v. Adolph, 961257 (La. App. 1 Cir. 3/27/97), 691 So.2d 1321. The defendant is not prejudiced if the petition fairly informs the defendant of the nature of the plaintiffs claims and the plaintiff acts consistently therewith. Brown v. Adolph, supra.
In this case, the plaintiffs petition alleges only that the removal of the tree was unwarranted, or unnecessary, and was in violation of City and Parish ordinances. There are no allegations in the petition to charge that McKenzie breached a contract or that McKenzie overcharged for the removal of the tree.
We also find that the testimony of the expert witness did not serve to enlarge plaintiffs pleadings in this matter. The record reflects that at no time prior to or during trial did plaintiff move to amend her pleadings. At the trial of this matter, defense counsel objected to plaintiffs expert witness, whose |fitestimony was offered to show that she was overcharged. “A timely objection, coupled with failure to move for an amendment of the pleadings, is fatal to an issue not raised by the pleadings.” Creech v. Creech, 29,499 (La.App. 2 Cir. 5/7/97), 694 So.2d 589, 592.
Accordingly, the issue of whether McKenzie breached a contract by overcharging the plaintiff was not properly before the court, and the trial judge erred in ruling on that issue.
The only cause of action presented by the pleadings filed in this case, and thus the only issue before the court, was whether the removal of the tree was unwarranted and in violation of City and Parish ordinances. Testimony of both parties established that the tree was uprooted and needed to be removed. Both prior to and at the trial, plaintiff failed to allege which ordinances, if any, were violated by the actions of defendant McKenzie. Accordingly, we find that plaintiff did not prove that she was entitled to any relief in this matter.
For the above discussed reasons, the judgment of the trial court is reversed and judgment is now rendered in favor of defendant, McKenzie Tree Service, Inc., dismissing plaintiffs claims against it.
REVERSED AND RENDERED.

. Plaintiff reached a settlement agreement with Ms. St. Romain and Liberty Mutual and they have been dismissed from this suit.