CARTER, C.J.
12WilI Fowler appeals a default judgment taken against him by Louisiana Workers’ Compensation Corporation in a suit for collection of an unpaid premium due on an insurance policy issued by plaintiff. For the following reasons, we affirm the trial court’s confirmation of the default judgment.

*1252
FACTS AND PROCEDURAL HISTORY

A petition was filed against defendant/appellant, Will Fowler, on April 7, 2009, to obtain an account audit and for the recovery of an unpaid premium due on an insurance policy issued by plaintiff. This petition was followed by a supplemental petition filed June 16, 2009. Despite being properly served, Fowler filed no responsive pleadings, and a preliminary default was entered on March 22, 2010. A petition to confirm the default judgment was filed April 28, 2010. On May 12, 2010, the default judgment was granted and notice of signing of judgment was mailed to Fowler.
Fowler now appeals challenging the confirmation of default judgment on grounds of fraud and/or ill practice and the admissibility of evidence accepted by the district court.

DISCUSSION

When reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. Arias v. Stolthaven New Orleans, LLC, 08-1111 (La.5/5/09), 9 So.3d 815, 818. This determination is governed by the manifest error standard of review. Id.

Fraud and/or III Practice Claim

In his first assignment of error, Fowler argues that the default judgment should be annulled on the basis of fraud and/or ill practice, which is a vice of substance. La. C.C.P. art.2004. The record in this case does not include any | ^evidence illustrating evidence of fraud and/or ill practice on the part of the plaintiff. A direct action to annul the judgment is the proper procedure to seek an annulment for vices of substance not apparent in the record or on the face of the judgment. Dileo v. Dileo, 09-597 (La.App. 5 Cir. 1/12/10); 30 So.3d 1004, 1007. This is not a direct action to annul the judgment based on fraud and/or ill practice, so this part of the appeal will not be considered. Accordingly, this assignment of error pertaining to fraud and/or ill practice has no merit.

Admissibility of Evidence Claim

Fowler also argues that the affidavit of Bill Mathews, submitted by plaintiff in its motion to confirm the default judgment, should not have been admitted into evidence and contains inadmissible hearsay evidence. Generally, the rules of evidence apply at the hearing for the confirmation of the default judgment. La. C.E. art. 1101(A); Arias, 9 So.3d at 820. However, there are statutory exceptions to the rule. For the confirmation of default judgments, when the demand is based on a conventional obligation, proof by affidavit can be sufficient. La. C.C.P. art. 1702(B); Arias, 9 So.3d at 820. Louisiana Code of Civil Procedure Article 1702(B)(1) provides:
When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a pri-ma facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment. (Emphasis added.)
In the instant case, the demand was based on a conventional obligation, namely, Fowler’s insurance policy issued by plaintiff; therefore, it was proper for the district court to consider an affidavit in reaching its judgment.
Plaintiff also challenges the admissibility of Mathews’s affidavit, alleging it contains inadmissible hearsay. “ ‘Hearsay’ is a statement, other than one made by ]4the *1253 declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.” La. C.E. art. 801(C). In Brown v. Adolph, 96-1257 (La.App. 1 Cir. 3/27/97), 691 So.2d 1321, plaintiff argued that an affidavit written by defendant company’s CPA and liquidator, Girouard, contained hearsay evidence because the facts stated in the affidavit were based on Girouard’s review of the lawsuit and files of the defendant companies rather than upon his personal knowledge. This court found no merit in the assignment of error and stated that Girouard testified concerning his knowledge as CPA and liquidator of the company based on his personal review of the records. Brown, 691 So.2d at 1326. This court also noted that Girouard’s testimony was supported by the very documents about which he testified. Id.
Similarly, in this matter, Mathews’s affidavit states that he is employed by the plaintiff and familiar with Fowler’s account. He also attests to the amount owed and refers specifically to the policy number. These assertions pertain to Mathews’s own personal knowledge gained from his review of the plaintiffs regularly kept business records pursuant to his position as a representative of the plaintiff and were appropriate to consider. Moreover, in support of its motion to confirm default judgment, plaintiff filed into the record, pursuant to La. C.C.P. art. 1702.1, a certification by plaintiffs attorney attesting that “[a]ll necessary Invoices, Affidavits and/or Notes are attached to the original Petition filed herein.” The attached invoice corroborates the statements made in Mathews’s affidavit regarding the policy and amount owed. Thus, the affidavit of Bill Mathews submitted by plaintiff in its motion to confirm default judgment was properly admitted into evidence.
The confirmation of a default judgment requires “proof of the demand sufficient to establish a prima facie case.” La. C.C.P. art. 1702(A); Arias, 9 So.3d |aat 820. In order to prove his case, “the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial.” Arias, 9 So.3d at 820. A plaintiff seeking to confirm a default judgment must prove both the existence and the validity of his claim. Id. A default judgment cannot be different in kind from what is demanded in the petition, and the amount of damages must be proven to be properly due. La. C.C.P. art 1703; Arias, 9 So.3d at 820. In addition to the affidavit of Bill Mathews, the plaintiff submitted a certified copy of the policy of insurance, an invoice showing a balance due of $56,577.00, and a policy summary statement. These documents prove both the existence and validity of the plaintiffs claim as well as the amount of damages due.

DECREE

Based on the evidence included in the record, this court finds that the plaintiff made a prima facie showing that he would likely prevail on the merits of the case. Accordingly, we find the district court correctly granted the default judgment. Costs of this appeal are assessed to the defendant/appellant, Will Fowler.
AFFIRMED.
WELCH, J. concurs without reasons.