PER CURIAM.
lain this suit by plaintiff to revoke a judgment approving a separation of property agreement entered into by defendants during their marriage and, thus, terminating the legal matrimonial regime existing between the defendants, defendants appeal the trial court’s judgment, revoking the previous judgment terminating their community of acquets and gains as void ab initio for failure to follow the procedural requirements of LSA-C.C. art. 2329 and further ordering that plaintiff has the right to have any recordation of that judgment cancelled. This court, sitting en banc, has considered the merits of defendants’ appeal. Ten of the twelve judges of this court have participated, but we are unable to render a decree reflecting a majority judgment on each issue presented in this case. Because there is no majority consensus on the dispositive issue of whether the underlying separation of property agreement and the subsequent judgment approving the agreement and terminating the community of acquets and gains were void ab initio or, instead, a relative nullity subject to ratification, there is no executable majority judgment, and the effect of this court’s vote is that the trial court’s judgment stands.
FACTS AND PROCEDURAL HISTORY
' Plaintiff, Radcliffe 10, L.L.C., (“Radcliffe 10”) is a judgment creditor of defendant Ronald G. Burger. On April 24, 2007, Radcliffe 10 filed a “Petition to Revoke Judgment Terminating Legal Matrimonial Regime, Establishing Separation of Property Regime and Separation of Property Agreement,” seeking to revoke and annul a judgment that had approved a “Separation of Property Agreement After Marriage” executed by the defendants Ronald and Lynda Burger, as well as to annul the agreement itself. The background facts leading up to this suit are as follows.
| .¡Radcliffe 10 and Ronald Burger had previously been involved in litigation in the matter of Radcliffe 10, L.L.C. v. Zip Tube Systems of Louisiana, Inc., No.2003-14116 c/w 2003-14973, in the Twenty-second Ju *81 dicial District . Court in St. Tammany Parish (“the Zip Tube litigation”), in which Radeliffe 10 alleged: (1) that Ronald Burger and other named defendants therein had engaged in unfair trade practices, in violation of LSA-R.S. 51:1401, related tp Radeliffe 10’s purchase, of Zip Tube, Systems of Louisiana, Inc,, a corporation of which Ronald Burger was secretary and Lynda Burger was president; and (2) that Ronald Burger had breached his employment contract with Radeliffe 10 executed as part of the sale of Zip Tube.[1]
Following trial in the Zip Tube litigation, the trial court issued written reasons for judgment on June 24, 2005, finding that Ronald Burger had breached fiduciary duties owed to Radeliffe 10 and had engaged in unfair' trade practices and that Radeliffe 10 was entitled to judgment in its favor against Ronald Burger and the remaining defendants in the amount of $3,428,000.00. However, a judgment in the Zip Tube litigation was not signed until almost two years later, on March 23, 2007,[2] and an amended judgment in conformity with the written reasons for judgment was ultimately signed on March 29, 2007, in favor of Radeliffe 10 and against Ronald Burger and the other defendants, in soli-do, awarding damages in the |4total amount of $3,428,Ó00.00.[3]
In the meantime, on March 20, 2006, after the trial court’s issuance of its written reasons for judgment in the Zip Tube litigation, but before the ultimate signing of a judgment awarding Radeliffe 10 damages, Ronald Burger, filed a “Petition to Terminate Legal Matrimonial Regime and Enter into Separation of Property Agreement,” naming Lynda Burger as defendant (“the Separation of Property proceeding”). In the petition, Ronald Burger averred that he had “no outstanding debts other than the usual. monthly utility and rent bills,” that he “desire[d] to terminate the legal matrimonial regime of community property and enter into a regime of separation of property,” and that he “believe[d] that this action is in the best interests of both parties.... ”
On May 8, 2006, the trial court in the Separation of Property proceeding signed the judgment that Radeliffe 10 has sought to have nullified in the instant proceedings, ie., a. judgment approving a Separation of Property Agreement signed by Ronald and Lynda Burger on May 3,2006, terminating the legal matrimonial regime that existed between the parties and establishing a sepr aration of property regime. The Separation of Property Agreement, in addition to providing that Ronald and Lynda were terminating the legal regime and entering into a separation of property regime, also *82 partitioned property of the Burgers classified as community launder their previous regime by allocating to Lynda Burger $251,247.00 in liquid assets, together with “[a]ll future [fincóme from any source” and allocating to Ronald Burger “[a]ll future [fincóme from any source.”
In its “Petition to Revoke Judgment Terminating Legal Matrimonial Regime, Establishing Separation of Property Regime and Separation of Property Agreement” in the instant matter, Radcliffe 10 averred that Ronald Burger’s petition to terminate the legal matrimonial regime existing between him and Lynda was filed in violation of LSA-C.C. art. 2036, et seq., and was, therefore, subject to a revocatory action.[4] Thus, it averred that “the acts of terminating the legal community' of ac-quets and gains, establishing a separation of property regime, and the separation of property agreement after marriage must be annulled.”
In a later-filed motion for summary judgment on January 16, 2012, Radcliffe 10 also advanced an additional theory in support of its claim to have the Separation of Property Agreement annulled, ie., that the Separation of Property Agreement signed by the Burgers was void ab initio for failure of the parties to “follow strictly the requirements of "[LSA-C;C.] Article 2329.”[5] Specifically, Radcliffe'10 argued that LSA-C.C. art. 2329, provides that spouses may terminate the matrimonial regime during marriage “only upon joint petition,” but that in this particular case, Ronald Burger filed the petition individually, naming Lynda as a" defendant. Thus, Radcliffe 10 argued that the failure to adhere to the required procedure set forth 'in LSA-kC.C. art. 2329 rendered the Separation of Property Agreement, which was “made the judgment of the court on May 8, 2006” in the Separation of Property proceeding, void ab initio.
Although Radcliffe 10’s motion for summary judgment was ultimately denied, it continued to advance this theory in support of its claim to annul the May 8, 2006 judgment and underlying Separation of Property Agreement. Radcliffe 10’s claim to annul the May 8, 2006 judgment approving, a Separation 'of Property Agreement was submitted to the trial court below .on briefs in lieu of a trial. In its trial brief filed on October 24, 2013, Radcliffe 10 again advanced the argument that the May 8, 2006 judgment terminating the Burgers’ legal community property regime was an absolute nullity for failure of the Burgers to comply with the formalities of LSA-C.C. art. 2329, noting that this theory was “[pjerhaps the simplest way to dispose of this case.”[6]
By judgment dated October 30, 2013, the trial court ordered that there be judg *83 ment in favor of Radcliffe 10 and against Ronald and Lynda Burger, “revoking the previous judgment terminating their community of acquets and gains ... ab initio for failure to follow the procedural requirements for obtaining such a judgment under [LSA-C.C. art; 2329]. That judgment is hereby declared to be null and of.no legal effect at any time.” -The October |730, 2013 judgment further provided that Radcliffe 10 “shall have the right to hate any recordation of that judgment in any parish or county cancelled upon payment by plaintiff of the costs related thereto.”
From this judgment, Ronald and Lynda Burger appeal, contending that the trial court committed legal error in annulling, as void ab initio, either the May 3, 2006 Separation of Property Agreement between, them, or the May 8, 2006 final judgment rendered, in the Separation of Property proceeding that had approved the matrimonial agreement and terminated the community property regime between the Burgers “solely because the action to terminate the legal regime was not initiated by a ‘joint petition.’” The issues they present for review to this court are:
(1) Was non-compliance with the requirements of Article 2329 properly before the district .court, when the petition asserted only one cause of action for nullity, based on the Revocatory Action under Civil Code Article 2036? ,
.(2) When a husband and wife, represented by separate counsel, agree,to terminate their . community .property regime and execute, in an authentic act, a matrimonial agreement that establishes a separate property regime, and that matrimonial agréement is approved in a final judgment issued by a court of competent jurisdiction, after a judicial hearing at which the court determines that both parties understand ■ the rules and principles governing matrimonial agreé- - ments and that the matrimonial agreement is in the parties’ best interest, pursuant to Civil Code Article 2329, [are] the matrimonial agreement and the final judgment void ab initio solely be'cause the action to terminate the legal regime and approve the matrimonial agreement was not initiated by a “joint petition”?
(3) Does the record contain any facts or evidence sufficient to annul the matrimonial agreement under- the Revocatory Action provided .in Civil Code Article 2036?
DISCUSSION
As to the first • issue presented, the Burgers contend that the trial court erred in revoking the May 8, -2006 judgment of the Twenty-second Judicial District Court that had, terminated their community of acquets and gains as | avoid ab initio for failure to follow the procedural requirements of LSA-C.C. art. 2329, because the only cause of action pleaded in the petition was the revocatory action under Civil Code article 2036. They contend that because this basis- for nullifying the May 8, 2006 judgment was not asserted in the petition, and in light of their objections to Radcliffe TO receiving-relief on this basis, the issue of compliance with LSA-C.C. art. 2329 was not properly before the trial court.
Louisiana Code of Civil Procedure article 891(A) requires that a petition “contain a short, clear,- and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation.” It is well recognized that the Louisiana Code of Civil Procedure sets forth a system of fact pleading. As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence. The “theory of the *84 case” doctrine, under which a party must select a theory of his case and adhere to it throughout the litigation, has been abolished. Brown v. Adolph, 96-1257 (La.App. 1st Cir.3/27/97), 691 So.2d 1321, 1325. The defendants are not prejudiced if the petition fairly informs them of the nature of the plaintiffs claims and the plaintiff acts consistently therewith. Brown, 691 So.2d at 1326.
In the instant case, Radcliffe 10’s petition clearly 'alerts the Burgers that it seeks to annul the judgment approving their separation of property agreement and the underlying agreement itself. Furthermore, Radcliffe 10’s petition specifically alleged the fact that Ronald Burger (and not Ronald and Lynda Burger jointly) filed the petition to terminate the legal matrimonial regime existing between him and his wife. And in its subsequent motion for summary judgment (which was ultimately denied), |9filed more than one and one-half years before this matter was submitted to the trial court for decision on briefs, Radcliffe 10 specifically raised the theory that .the matrimonial agreement was void ab initio as not in conformity with the strict mandates of LSA-C.C. art. 2329. This theory was again asserted by Radcliffe in its trial brief submitted in lieu of trial on the merits.
Thus, the Burgers were aware of the facts supporting Radcliffe 10’s .cause of action for nullifying the previous judgment approving their separation of property agreement for over one and one-half years before trial of this matter by briefs. Under these circumstances, we find no prejudice to them, as we conclude that Radcliffe 10’s petition fairly informed the Burgers of the nature of the claims against them, ie., claims to annul the Separation of Property Agreement and the May 8, 2006 judgment approving it. See Brown, 691 So.2d at 1326.
.However, as to the second and third issues presented by the Burgers, specifically, the legal effect that failure to initiate the action to approve the Separation of Property Agreement by the filing of a “joint petition” has upon both the agreement itself and the final judgment approving it and terminating the legal regime, and the ultimate disposition of the revoca-tory action provided in LSA-C.C. art. 2036, this court cannot reach a majority consensus on these issues.
Louisiana Constitution Article V, § 8(B) requires that “[a] majority of the judges sitting-in a case must concur to render judgment.” In the instant case, five of the ten judges would reverse the trial court’s judgment revoking the previous judgment that terminated the community of acquets and gains “ab initio” and declaring that previous judgment tó be null and of no legal effect at any time. ‘Of those five judges, four judges would also remand the | mmatter to the trial court for further proceedings to determine whether the Separation' of Property Agreement should be revoked pursuant to LSA-C.C. art; 2036, as an act that increased the insolvency of Ronald Burger. The remaining five judges would affirm the trial court’s judg-inent on the bdsis that the'failure’to adhere ' to the procedural requirements of LSA-C.C. art. 2329 results in an absolute nullity. Accordingly, there is no executable ‘majority judgment, and the effect is that the decision of the trial court stands. Parfait v. Transocean Offshore, Inc., 2007-1915 (La.3/14/08), 980 So.2d 634, 639.
CONCLUSION
For the. above and foregoing reasons, the trial court judgment of October 30, 2013 stands and appeal costs are assessed equally against Ronald G. Burger and Lynda O. Burger.
*85 TRIAL COURT JUDGMENT. STANDS.
CHUTZ, J., concurs for reasons assigned by Judge McCLENDON.
HOLDRIDGE, J., dissents with reason.
THERIOT, J., concurs for reason assigned by J. PETTIGREW
McCLENDON, J., concurs and assigns reasons. •
McDONÁLD, J., concurs for the reasons assigned by J. McCLENDON.
WHIPPLE, C.J., concurs in part and dissents in part, for-reasons assigned. ■
WELCH, J., concurs in part and dissents in part for reasons assigned by C.J.
PETTIGREW, J., concurs and assigns reason.
DRAKE, J., concurs in part arid dissents in part for reasons assigned by J. WHIPPLE.
HIGGINBOTHAM, J.,concurs in part and dissents in part for the reasons ■ assigned by C.J. WHIPPLE, except I would assess costs evenly between appellants and appellee.

. The named defendants in the Zip Tube litigation were: Zip Tube Systems of Louisiana, Inc.; Burger Engineering, L.L.C.; Ronald Burger; and Bryan Burger. '

. Although the judgment itself reflects that it was signed March 23, 2006, the parties do not dispute that it was actually signed in .2007.

. This court affirmed the damage award on appeal, subject to an offset of $850,000.00, and the Louisiana Supreme Court denied writs. Radeliffe 10, L.L.C. v. Zip Tube Systems of Louisiana, Inc., 2007-1801, 2007-1802 (La.App. 1st Cir.8/29/08), 998 So.2d 107, 119, amended on rehearing, 2007-1801, 2007-1802 (La.App. 1st Cir.12/3/08), 22 So.3d 178, writs denied, 2009-0011, 2009-0024 (La.3/13/09), 5 So.3d 119, 120. Ronald Burger also filed in the trial court a petition to declare the March 29, 2007 amended judgment an absolute nullity. The trial court ultimately rendered judgment, denying the relief and instead declaring the judgment was not a nullity. This court likewise affirmed that judgment decreeing that the March 29, 2007 judgment was not a nullity. Radeliffe 10, L.L.C. v. Zip Tube Systems of Louisiana, Inc., 2009-0417, 2009-0418 (La.App. 1st Cir. 12/29/09), 30 So.3d 825, 832, writ denied, 2010-0244 (La.4/9/10), 31 So.3d 394.

. Louisiana Civil Code article,2036, contained in Chapter 12, Section 1 of the Civil Code, entitled "Revocatory Action,” provides an ob-ligee with a procedure to annul'an act of the obligor that "causes or increases the obligor’s insolvency.”

. In opposition to the motion for summary judgment, the Burgers argued that the motion should be denied because'Radcliffe 10 in its petition did not allege any facts to show that the May 8, 2006 judgment should be! annulled for failure to comply with the requirements of LSA-C.C. art. 2329.

.Radcliffe 10 also included a one-sentence argument" in support of its theory for annulment or revocation of the May 8, 2006 judgment pursuant to LSA-C.C. art.- 2036,
Notably, in their trial briefs, Ronald Burger and Lynda Burger again objected to the trial court's consideration of Radcliffe 10’s claim for nullity on the theory that the Burgers failed to adhere to the strict requirements of LSA-C.C. art. 2329, arguing that this theory was not properly before the trial court, because Radcliffe 10⅛ petition did not include this ground for nullification.