694 So.2d 479 (1997)
WHITNEY NATIONAL BANK
v.
RELIABLE MAILING & PRINTING SERVICES, INC., Roy E. Logan and Janice B. Logan
No. 96-CA-968.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1997.
*480 Clay J. LeGros, Metairie, for Plaintiff/Appellee.
Leonard L. Levenson, Zara Zeringue, New Orleans, for Defendants/Appellants.
Before GAUDIN, WICKER and CANNELLA, JJ.
WICKER, Judge.
This is an appeal from a summary judgment in a proceeding for a deficiency judgment, in which the trial court granted judgment as prayed to the plaintiff-creditor. We affirm.
The proceeding arose in a suit for executory process on a promissory note in the amount of $145,133.42, executed by Reliable Mailing & Printing Services, Inc. in favor of Whitney National Bank. To secure the indebtedness Reliable had granted Whitney a security interest on machinery and equipment owned by the corporation. Reliable defaulted on the note and Whitney filed a petition for executory process. Whitney alleged that the principal amount due on the loan was $134,448.99, plus interest accrued through December 22, 1993 in the amount of $8,707.26, plus interest from December 23, 1993 until paid at the rate of 10.5% per annum, together with 10% attorney's fees and all costs.
The bank seized the secured property, which underwent three separate appraisals. At the sheriff's sale the property sold, in globo, for $69,950.00. After payment of costs in the amount of $17,064.90, there was a credit of $51,885.10 remaining to be applied to the debt.
Because the sale proceeds were insufficient to satisfy the remaining indebtedness, Whitney filed a petition for deficiency judgment against Roy Logan and Janice Logan, based on Roy Logan's endorsement of the promissory note and on Janice Logan's execution of a continuing guaranty agreement. The petition for deficiency judgment alleged that total credits due and owing to the defendants were the $51,885.10 received from the sheriff's sale and a credit of $18,740.68 received through an offset of the defendants' account with Whitney National Bank. The bank's motion for summary judgment was granted by the trial court, which rendered judgment against Reliable, Roy Logan and Janice Logan in the amount of $134,448.99 plus interest and attorney's fees, subject to a credit in the amount of $51,885.10 (the proceeds from sale of the seized property). The Logans both appeal.
On appeal they assert there are genuine issues of material fact which preclude summary judgment. Specifically, they contend the trial court erred because (1) the bank failed to act in good faith by selling the property in globo; (2) the affidavit by a bank officer in support of the motion for summary judgment was insufficient because it failed to state it was made on personal knowledge; and (3) the judgment against Janice B. Logan was in excess of the $100,000 limit of her continuing guaranty agreement.

Good Faith/Sale in Globo
Appellants contend the bank failed to act in good faith by selling the property in globo. In support of this argument they cite "U.C.C. § 1-203", presumably referring to La.R.S. 10:1-203 of the Commercial Laws. That statute provides, "Every contract or duty within this Title imposes an obligation of good faith in its performance or enforcement. The standard of good faith performance required under this Title shall be based upon Civil Code Articles 1983, 1996, and 1997." Those articles provide: "Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts must be performed in good faith." La. Civ.Code Art.1983. "An obligor in good faith is liable only for the damages *481 that were foreseeable at the time the contract was made." La. Civ.Code Art.1996. "An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform." La. Civ.Code Art.1997.
"Bad faith" in collection of a debt implies a conscious doing of wrong for dishonest or morally questionable motives. First Nat. Bank of Jefferson Parish v. Dazet, 95-98 (La.App. 5 Cir. 5/30/95); 656 So.2d 1110, 1113.
A mortgagee-creditor holding a single mortgage on several pieces of property has the right, within certain confines, to direct the mode of sale. First Fed. Sav. & Loan v. Moss, 616 So.2d 648, 652 (La.1993). "La. Civ.Code Art. 3280 provides that a mortgage by nature is indivisible and prevails over all the property subject to it. It necessarily follows that `[t]he mortgagee can execute his mortgage against all or any part of the encumbered property, at his discretion.'" Id.
Hunter Forest [First Financial Bank, FSB v. Hunter Forest Ltd. Partnership, 456 So.2d 1380 (La.1984)] ... does not stand for the proposition that an in globo sale is unauthorized in an executory proceeding; instead, it lends support to the converse proposition that an in globo sale is authorized in an executory proceeding when a single mortgage encompasses multiple properties. * * * Indeed, LSA-C.C.P. Art. 2295 expressly reserves to the mortgagee-creditor the right to direct the sale of property on which he has a single mortgage, which right includes the right to compel a separate or an in globo sale. * * * That procedural right stems from, and is consistent with, the mortgagee-creditor's substantive rights under the mortgage.
First Fed. Sav. & Loan v. Moss, supra.
The bank cannot be in bad faith for doing that which it was legally allowed to do. Accordingly, we find no merit to this assignment of error.

Sufficiency of Affidavit
Appellants contend the affidavit of Whitney Vice President Roland Howell, submitted in support of the motion for summary judgment, is insufficient because in it Howell states he "is familiar with" the account, but fails to assert that he had personal knowledge of the account.
La.Code Civ. P. Art. 967 sets out requirements for affidavits filed in support of motions for summary judgment. The article states, in pertinent part, "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."
In Bank of Iberia v. Hewell, 534 So.2d 143, 145 (La.App. 3 Cir.1988), the third circuit found no merit to the same argument, stating:
In the affidavit, affiant states that he is the acting chief executive officer of the plaintiff. He further states that he is familiar with the account of defendants with plaintiff. Affiant's statement of his familiarity with defendants' account shows that his affidavit is based on personal knowledge. His statement that he is the chief executive officer of the plaintiff shows that he is competent to testify to the matters stated in the affidavit. The affidavit sets forth such facts as would be admissible in evidence and these facts are supported by sworn copies of the loan agreement signed by defendants, the collateral pledge agreement signed by them, the promissory notes signed by them, the truth in lending disclosure statements signed by them and other pertinent records of the plaintiff relative to the defendants' loan and its renewals.
Thus, we find that this affidavit met the requirements of the above provision and that the trial court committed no error in admitting it into evidence.
Like the Hewell court, we find no merit to this assignment of error.

Janice Logan's Liability
Appellants contend, finally, that the trial court erred in awarding judgment for the full amount of the debt against Janice Logan, when her continuing guaranty was only for amounts up to $100,000.00. The bank contends, however, that although the *482 face amount of the judgment against Janice Logan was in excess of $100,000, after credit for the amount realized from the sheriff's sale the principal amount is reduced to less than $100,000.00.
The continuing guaranty signed by Janice Logan states, in pertinent part:
The Guarantor agrees as follows:
1. In consideration of any credit extended or money advanced to the Debtor ... the Guarantor absolutely and unconditionally guarantees to the Bank the prompt payment in full of any existing and future indebtedness, liabilities and obligations owed by Debtor to the Bank of every kind, nature and character, whether direct or contingent, now existing or hereinafter arising (the "Guaranteed Obligations"), up to the principal amount of One Hundred Thousand and No/100ths ($100,000.00) Dollars, plus all interest, attorneys' fees, and other fees and charges owed by the Debtor to the Bank. Should the Debtor for any reason fail to pay any of the Guaranteed Obligations to the Bank upon demand, the Guarantor hereby obligates itself ... solidarily with the Debtor, for the payment of all Guaranteed Obligations plus interest, attorneys' fees and other fees and charges owed by the Debtor to the Bank to the same extent as if the Guaranteed Obligations had been due or owing by the Guarantor.
* * * * * *
8. Should the Guaranteed Obligations at any time or one or more times exceed the limit of this Continuing Guaranty, the Guarantor shall remain liable for the payment of the Guaranteed Obligations up to the amount of this continuing Guaranty, plus interest, attorney's fees and other fees and charges. The Bank may at all times apply or impute any payment with respect to, or on account of, any of the Guaranteed Obligations or the proceeds of any collateral securing all or any part of the Guaranteed Obligations in such order as the Bank may elect.
La.R.S. 13:4108.1 sets out the guidelines for a deficiency judgment when obligations are based upon a commercial transaction. It states, in subparagraph A, "a mortgagee or other creditor may not pursue any debtor, guarantor, or surety for more than the secured obligation, minus the reasonably equivalent value of the property sold."
Accordingly, we conclude the trial court erred in awarding judgment against Janice Logan in the same amount as against Roy Logan and Reliable. The amount of the judgment against Janice Logan should have been for no more than $100,000.00, the amount of her liability under the guaranty, plus interest, attorney's fees and costs.

DECREE
For the foregoing reasons, the judgment is amended as to Janice B. Logan, to limit her liability thereunder to $100,000.00, plus all interest, attorney's fees and costs as set forth in the judgment. In all other respects the judgment is affirmed.
AMENDED AND AFFIRMED.