996 So.2d 534 (2008)
HIBERNIA NATIONAL BANK
v.
Santos G. RIVERA.
No. 07-CA-962.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2008.
*536 Randall C. Roth, Attorney at Law, New Orleans, LA, for Plaintiff/Appellee.
Camilo K. Salas, III, Attorney at Law, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges FREDERICKA HOMBERG WICKER, GREG G. GUIDRY, and ROBERT L. LOBRANO, Pro Tempore.
FREDERICKA HOMBERG WICKER, Judge.
This appeal arises from a suit filed by plaintiff/appellee Capital One, N.A. against the defendant/appellant Mr. Santos G. Rivera for sums allegedly owed on a lease of a Honda Civic.[1] Mr. Rivera appeals the trial judge's judgment granting summary judgment in favor of Capital One. For the following reasons, we reverse and remand for further proceedings.

Procedural History and Facts
On February 7, 2005, Hibernia Bank filed a Petition to Collect Sums Due Under Motor Vehicle Lease Agreement in which it alleged that Santos Rivera entered into a motor lease agreement with Hibernia on October 13, 2000 for the lease of a Honda Civic and failed to pay the installments as agreed. On May 25, 2005 Mr. Rivera filed Exceptions and Answers raising exceptions of insufficiency of citation, insufficiency of service of process, no cause of action, and no right of action. These exceptions were heard and denied on June 22, 2006. Thereafter, on July 31, 2006 Capital One filed a First Amended and Supplemental Petition to Collect Sums Under Motor Vehicle Agreement seeking to amend its original petition by substituting Capital One, N.A. as plaintiff for Hibernia National Bank. Capital One then filed a motion for summary judgment on January 30, 2007. Mr. Rivera opposed this motion on May 3, 2007 and submitted an answer to the amended petition on May 7, 2007.
At the hearing on the motion for summary judgment the bank introduced the affidavit of Tammy Boyd, vice-president of Capital One. In her affidavit, Tammy Boyd attests that the Bank and Santos G. Rivera entered into the lease agreement on October 13, 2000 and that the lease provided for monthly payments in the amount of $376.44, for 60 months plus specified additional charges in the amount of $673.56, for a total of $23,259.66, for the lease of one 2001 Honda Civic. Ms. Boyd further attests that Mr. Rivera failed to pay the installments, causing the bank to exercise its option to cancel the Lease Agreement and recover the motor vehicle and remaining balance, and that Mr. Rivera signed a Notice of Cancellation of Lease and Voluntary Surrender of Leased Property on March 4, 2004. Because the vehicle was sold for $7,000 on April 19, 2004, Ms. Boyd *537 states that the remaining balance due to the Bank is the principal sum of $7,202.36, late charges and sale costs of $540.87, together with costs, fees and expenses, along with attorney's fees, representing the liquidated damages provided in the Lease Agreement. In addition to Ms. Boyd's affidavit, the bank submitted into evidence the Vehicle Lease Agreement, the Notice of Cancellation of Lease and Voluntary Surrender of Leased Property, Bill of Sale and Credit Cashier's Checks for the sale of the 2001 Honda Civic, supporting the facts as presented in Ms. Boyd's affidavit.
Mr. Rivera opposed the motion claiming that Tammy Boyd's affidavit was unreliable, and that Capital One had failed to comply with various procedural requirements.
In support of his opposition, Mr. Rivera introduced his affidavit in which he attested to the following: At the time of his 2007 affidavit, he did not speak, read or understand the English language very well. On October 13, 2000, when he visited the Honda showroom with his daughter, his English language ability was poor. On that date, the Honda salesman told him he was signing as a guarantor of his daughter's lease, and that his lease was for three years. On March 4, 2004, a person came to pick up the leased vehicle and told him that by signing the Notice of Cancellation of Lease and Voluntary Surrender of Leased Property, he would have no further liability under the lease. Mr. Rivera argued that, based on his affidavit, genuine issues of material facts exist.
The trial court granted Capital One's motion for summary judgment on August 10, 2007. The judgment ordered that Mr. Rivera pay the plaintiffs the principal sum of $7,202.36, late charges and sale costs of $540.87, and attorney's fees at the rate set out in the lease agreement, if applicable, and all costs of the proceeding

Standard of Review:
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Leonard v. Parish of Jefferson, 05-32 (La.App. 5 Cir. 4/26/05), 902 So.2d 502, 504.

Analysis
In his first assignment of error, Mr. Rivera asserts the motion for summary judgment was premature because it was filed before Mr. Rivera filed an answer to the amended petition.
Under Article 966 of the Louisiana Code of Civil Procedure "the plaintiff's motion for summary judgment may be made at any time after the answer has been filed". Here, Capital One filed its original Petition to Collect Sums Due Under Motor Vehicle Lease Agreement on February 7, 2005, and First Amended and Supplemental Petition to Collect Sums Due Under Motor Vehicle Lease Agreement on July 31, 2006. While appellant filed Exceptions and an Answer to the first petition on May 25, 2005, he had not filed an answer to the Amended Petition when Capital One filed its Motion for Summary Judgment on January 30, 2007. Mr. Rivera did file an answer to the Amended Petition on May 7, 2007. The motion for summary judgment was argued on August 10, 2007.
Mr. Rivera did file an affidavit in opposition of motion for summary judgment on May 3, 2007. The defendant waived his prematurity objection when he filed this affidavit. American Bank Trust Company v. International Development Corporation, Inc., 506 So.2d 1234, 1236 (La.App. 1 Cir.1987).
Mr. Rivera also contends that the Motion for Summary Judgment was improper under Rule 9.10(2) of the Uniform *538 Louisiana District Court Rules, which reads:
Rule 9.10 Motions for Summary Judgment
1. Rules 9.8 and 9.9 apply to motions for summary judgment.
2. A memorandum in support of a motion for summary judgment must contain:
(a) A list of the essential legal elements necessary for the mover to be entitled to judgment;
(b) A list of the material facts that the mover contends are not genuinely disputed; and
(c) A reference to the document proving each such fact, with the pertinent part containing proof of the fact designated.
3. A memorandum in opposition to a motion for summary judgment must contain:
(a) A list of the material facts that the opponent contends are genuinely disputed; and
(b) A reference to the document proving that each such fact is genuinely disputed, with the pertinent part designated
Mr. Rivera asserts that Capital One's Memorandum supporting its motion for summary judgment was defective because it did not contain a list of the essential legal elements necessary for the mover to be entitled to judgment, a list of the material facts that the mover contends are not genuinely disputed, and a reference to the document proving each such fact, with the pertinent part containing proof of the fact designated, as required by the rule. We disagree.
Capital One's Memorandum includes all the enumerated elements of Rule 9.10(2). The memorandum states, "Bank moves for summary judgment against defendant on the grounds that, despite the Answer filed by defendant, there are no genuine issues as to any material fact and that the Bank, as a matter of law, is entitled to summary judgment for the amount prayed for in its Petition filed herein". This statement lists the essential legal elements necessary for the mover to be entitled to judgment. The memorandum also includes a list of material facts which mover contends are not genuinely disputed. In it's memorandum Capital One states:
The affidavit shows that Bank loaned Santos G. Rivera the amount listed therein; that defendant executed the lease agreement sued upon to evidence the indebtedness; that Bank holds the lease agreement; that the true and correct amount owed on the lease agreement by Defendant to Bank is the sum listed therein; and that Bank notified Defendant of his default in payment on the lease agreement, to no avail.
Because Capital One introduced the documentation which supports the facts it contends are undisputed, this statement satisfies the requirements of Rule 9.10(2). Where documents submitted in support of a motion for summary judgment are sufficient, the court is warranted in waiving the requirement for a statement of uncontested facts. Hunt Petroleum Corp. v. Texaco, Inc., 04-0729, p. 2 (La.App. 4 Cir.2004), 891 So.2d 36, 38.
Even if Capital One failed to comply with Rule 9.10's requirements, this would not be grounds to reverse the trial court's findings. A trial court is within its discretion in dispensing with the strict application of local rules when unnecessary to the resolution of a dispute. Favaloro v. Favaloro, 561 So.2d 783, 787 (La.App. 4 Cir.1990).
*539 Therefore, we find no merit to the assignments alleging procedural irregularities.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). Smith v. Our Lady of the Lake Hosp., 93-2512, p. 30 (La.7/5/94), 639 So.2d 730, 752; Magnon v. Collins, 98-2822, p. 5 (La.7/7/99), 739 So.2d 191, 195.
The mover has the burden of proof. However, if the mover will not bear the burden of proof at trial, his burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the trial court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, or that there is genuine issue of material fact. La. C.C.P. art. 966(C)(2). If the adverse party fails to do so, the mover is entitled to summary judgment. Foster v. Consolidated Employment Systems, Inc., 98-948, p. 2 (La.App. 5 Cir.1/26/99), 726 So.2d 494, 495; Tonubbee v. River Parishes Guide, 97-440 (La.App. 5 Cir.10/28/97), 702 So.2d 971.
Mr. Rivera asserts that in granting Capital One's summary judgment motion, the district court improperly relied on Tammy Boyd's affidavit that did not meet the requirements of Article 967 of the Louisiana Code of Civil Procedure. In pertinent part, La.C.C.P. art. 967 provides:
A. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits. (emphasis added)
Mr. Rivera argues that Ms. Boyd was not present when the lease was signed by Honda Town Dealership, nor has she had any dealings with Mr. Rivera. Thus, appellant contends that Ms. Boyd did not have personal knowledge of the statements contained in her affidavit, and it has not been established that she is competent to testify as to the matters set forth in the affidavit.
Personal knowledge means something the witness actually saw or heard, as distinguished from what he learned from some other person or source. State, Dept. of Transp. and Development v. Cecil, 42,433, p. 4 (La.App. 2 Cir.2007), 966 So.2d 131, 134, citing Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978); Jones v. Foster, 41,619, p. 4 (La.App. 2 Cir. 12/13/06), 945 So.2d 262, 265. The purpose of the requirement of "personal knowledge" is to limit the affidavit to facts which the affiant saw, heard, or perceived with his own senses. Atkinson v. Allstate Ins. Co., 361 So.2d 32, 33 (La.App. 3 Cir. 1978) citing Hidalgo v. General Fire Casualty *540 Company, 254 So.2d 493 (La.App. 3 Cir. 1971). Portions of affidavits not based on personal knowledge of the affiant should not be considered by the trial court in deciding a motion for summary judgment. Hidalgo v. General Fire & Casualty Company, supra; Warden v. Southwest Louisiana Hospital Association, 300 So.2d 590 (La.App. 3 Cir.1974); Manuel v. Shaheen, 316 So.2d 878 (La.App. 3 Cir.1975).
Where business records are concerned, as in the present case, the courts have deemed La.C.C.P. art. 967 satisfied when the affiant is qualified to identify the business records as such. The affiant has not been required to show that he personally prepared the business records, or that he had direct, independent, first hand knowledge of the contents thereof. Delcambre, Jr. v. Price, 99-0223, p. 3 (La.App. 4 Cir. 3/24/99), 738 So.2d 593, 595 citing Brown v. Adolph, 96-1257 (La.App. 1 Cir. 3/27/97); 691 So.2d 1321. See also Whitney Nat. Bank v. Reliable Mailing, 96-968, p. 4 (La.App. 5 Cir. 4/9/97); 694 So.2d 479, 481. This Court has specifically found a bank's vice president's summary judgment affidavit was not insufficient, where the vice president was familiar with the account. Whitney, supra.
Based on the foregoing, we find that the affidavit of the bank vice president, where the affiant is identifying business records, satisfies the personal knowledge requirements of La.C.C.P. art. 967. The trial court committed no error in considering Ms. Boyd's affidavit in the summary judgment proceedings.
Mr. Rivera also contends that the district court improperly granted summary judgment in favor of Capital One because Capital One did not meet its initial burden of proof. Specifically, he asserts that the petitions, memorandums, and affidavits filed by Capital One were inconsistent in naming the party with whom Mr. Rivera formed the lease agreement. In the record, the leasing party is sometimes referred to as "Hibernia" sometimes as "Capital One", and sometimes as "the bank". However, a review of the record as a whole shows that this was not a result of any inconsistency on the part of Capital One as to the facts of the transaction, but as a result of the lease being assigned and the bank being acquired. Based on the Lease Agreement, The Notice of Cancellation of Lease, and Ms. Boyd's affidavit, Honda Town made the loan, and Honda Town assigned the lease to Hibernia. Thereafter, Hibernia Bank became known as Capital One. The documents clearly reflect these facts, and do not result in any confusion or question of material fact. Thus, we find no merit in this assignment of error.
Finally, Mr. Rivera contends that his affidavit raises issues of material fact preventing entry of summary judgment. Specifically, Mr. Rivera claims that he was unable to speak or read the English language well enough to understand the documents he was signing at the time of the lease agreement, and that the terms of the lease were misrepresented to him. He further claims he was told that by signing the Notice of Cancellation of Lease and Voluntary Surrender of Leased Property and allowing the bank to take the vehicle, he would have no further liability under the lease.
In this case, Mr. Rivera was involved in two transactions. The first transaction was between Mr. Rivera and Honda Town. According to Mr. Rivera, on October 13, 2000 he visited the show room of Honda Town, a car dealership, with his daughter Lidia Eloise Rivera. The salesman, through an interpreter, asked Mr. Rivera to sign a lease which was going to be in his daughter's name. Mr. Rivera claims that as he understood it, he was only signing as *541 a guarantor of the lease and that the lease was to last only three years. As to the first transaction, Mr. Rivera also claims he never entered into any lease agreement with Capital One or Hibernia, only with Honda Town. After three years, Lidia Rivera stopped making payments on the car after she attempted to return the vehicle, and was told that the lease was for five years.
The second transaction occurred on or about March 4, 2004, when someone picked up the leased vehicle from Mr. Rivera. At this time, appellant signed a document entitled Notice of Cancellation of Lease and Voluntary Surrender of Leased Property. Mr. Rivera claims it was represented to him that, by allowing the person to take the vehicle, he would have no further liability under the lease. Mr. Rivera contends these issues present questions of material fact.
Generally, a party is responsible for agreements he has signed. However, a party's consent to a contract may be vitiated by error, fraud, or duress. La. C.C. art. 1948.
In the present case, Mr. Rivera argues that Honda Town's employees misrepresented the terms of the Lease Agreement. He contends by affidavit that he could not read english and was told by a Honda Town employee through an interpreter that he was signing only as a guarantor and that the lease term was for three years.
Capital One has not presented any evidence, by affidavit or otherwise, refuting Mr. Rivera's sworn statements. Mr. Rivera also alleges the person who picked up the Honda on March 4, 2004 misrepresented to him the terms of the Notice of Cancellation of Lease and Voluntary Surrender of Leased Property. He contends that he was told surrender of the vehicle would absolve him of further liability. The Notice of Cancellation contains an acknowledgment that the debtor has read the notice or, if the debtor is illiterate, that the notice was read and explained to him. Mr. Rivera signed the document. However, whoever presented the document to Mr. Rivera failed to sign the acknowledgment or agreement. Therefore, no evidence has been presented that the person who picked up the car actually read and explained the document to Mr. Rivera, or, for that matter, who the individual was or for whom he worked.
Thus, Mr. Rivera submitted an affidavit in which he attested that he was mislead in signing the vehicle lease and surrendering agreements because they were written in english, and the terms were misrepresented to him. Capital One did not controvert Mr. Rivera's affidavit on these points outside of the documents themselves, therefore, material facts remain at issue precluding summary judgment.
Accordingly, we reverse the summary judgment granted by the trial court and remand for proceedings based on the findings herein.
REVERSED AND REMANDED.
NOTES
[1] The plaintiff named in the original petition was Hibernia Bank. In the First Amended and Supplemental Petition to Collect Sums Due Under Motor Vehicle Lease Agreement, plaintiff asked to substitute Capital One, N.A. as plaintiff for Hibernia National Bank, alleging that Hibernia Bank had been acquired by Capital One, N.A. In the affidavit of Tammy Boyd, Ms. Boyd identifies herself as "Senior Vice President of plaintiff, Capital One, N.A., formerly known as Hibernia National Bank".