BROWN, Chief Judge.
| ]On May 9, 2012, plaintiff, National Collegiate Student Loan Trust 2003-1 (“National Collegiate”), filed suit in the Shreveport City Court against defendant, J.T. Thomas II (“Thomas”), to collect on an alleged open student loan account in the amount of $16,082.66 together with interest and attorney fees. National Collegiate filed a motion for summary judgment along with a supporting memorandum and two affidavits. Defendant filed an opposition to the MSJ along with his affidavit. The trial court granted the MSJ and awarded judgment to National Collegiate. Defendant has appealed. Finding that genuine issues of material fact exist as to the existence of the obligation and that plaintiff failed to present a prima facie case, we reverse and remand.

Facts

National Collegiate filed suit against Thomas on May 9, 2012. The two-paragraph petition stated that Thomas was indebted to petitioner on a student loan in the full sum of $16,082.66, plus interest and attorney fees. It stated that Thomas “has defaulted and the balance remains after amicable demand.” A request for admission of fact was attached thereto.
Plaintiff alleged that it made demand upon defendant on September 13, 2011, at 1823 Fulton Street, Shreveport, Louisiana. Service of the demand letter, however, was unsuccessful because defendant had not resided at that address since January 2010. Subsequently, plaintiff successfully issued service upon defendant at his correct address in West Monroe, Louisiana. Defendant, represented by counsel, filed an answer 1 ¡¡denying the essential elements of the two-paragraph complaint and attached request for admission of fact.
On November 19, 2012, National Collegiate filed a motion for summary judgment, supporting memorandum, and supporting affidavits. One affidavit was made by Megan Carabello, the supervisor of collections and recovery of First Marblehead Education Resources, Inc. In her affidavit Car-abello stated that First Marblehead is plaintiffs custodian of records pertaining to the student loan in question. The affi-ant stated that she was familiar “with the education loan record regarding account number ... which indicates that defendant owes the principal sum of $16,082.66 together with accrued intei'est in the amount $2,482.74 ... as of October 18, 2012.” A second affidavit from plaintiffs law firm’s employee, G. Keith Sias, simply presented an updated balance of the account.
Thereafter, Thomas filed a motion to compel answers to his interrogatories and production request. The trial court ordered plaintiff to respond to this discovery request. The response disclosed that the lender was not National Collegiate but Bank One Ohio (“Bank One”) and that the loan may have been assigned to National Collegiate by Bank One on December 11, *1233 2008. National Collegiate produced a Pooling Agreement showing that a bundle of student loans were purchased from Bank One; however, there was no listing of these loans and it does not show that Thomas’ loan was included.
In addition, National Collegiate produced a copy of a Note Disclosure Statement indicating a Bank One loan to J.T. Thomas II dated August 12, |32003. The principal to be borrowed was $10,000 plus a prepaid finance charge of $695.19. Two hundred forty (240) monthly payments of $92.82 were to begin in December 2007.
A second page, which was also a copy, was entitled “Loan Application/Promissory Note — Signature Page.” It states that it was a nonnegotiable credit agreement. It is signed by J.T. Thomas II as the borrower and Dorothy Goynes as cosigner. Significantly, it states that they “agree to the terms of and understand the obligations set forth on all four (4) pages of this Application/Promissory Note.” However, we note that there are only two pages presented by plaintiff, not four.
After these records were produced, Thomas filed an opposition to the motion for summary judgment attaching his affidavit in which he denied that he owed any debt to plaintiff or that he signed the alleged promissory note. Thomas further stated that he had not received any funds from Bank One or plaintiff.
The trial court granted National Collegiate’s motion for summary judgment and Thomas timely filed a devolutive appeal.

The Petition

Paragraph I of plaintiffs petition states that defendant, an individual account holder, is indebted to plaintiff for the sum of $16,082.66, plus accrued interest of $2,482.74 and additional interest of 4% from August 30, 2011, until judgment, and 4% from the date of judgment. Plaintiff also sought costs for the proceeding and, as attorney fees, 25% of the total principal and interest. Paragraph II of the petition states that the |4 outstanding balance is due on defendant’s student loan as a result of defendant’s defaulted payment status and it provides defendant’s alleged account number.
Although plaintiff did not amend its petition, it asserted in argument at the hearing on the MSJ that this is a lawsuit to collect on a promissory note.

Summary Judgment

A party is entitled to summary judgment if, on the record before the court, it appears “that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” La. C.C.P. art. 966; Willis v. Medders, 00-2507 (La.12/08/00), 775 So.2d 1049. The motion for summary judgment should be denied if a genuine issue of fact exists and the fact is material to the case. La. C.C.P. art. 966; Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544.
Even if the nonmoving party does not respond, the court still is obligated to inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law. Willis, supra. Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether a summary judgment should be granted. La. C.C. art. 966(B)(2); Cote v. City of Shreveport, 46,571 (La.App.2d Cir.09/21/11), 73 So.3d 435.
Discussion — Promissory Note
Plaintiff establishes a prima fa-cie case to enforce a promissory note |fiwhere plaintiff 1) produces and presents the note into evidence; 2) shows that it was signed by the defendant; 3) that the *1234 defendant has defaulted and 4) as to an assignee, presenting evidence of a chain of assignments. Security Nat. Partners, Limited Partnership v. Baxley, 37,747 (La. App.2d Cir.10/29/03), 859 So.2d 890.
Once the plaintiff, in an action to recover on a promissory note, submits evidence establishing its prima facie case, the summary judgment burden then shifts to the defendant to submit evidence establishing the existence of a triable issue of fact with respect to a bona, fide defense. Thomas v. Bryant, 597 So.2d 1065 (La.App. 2d Cir.1992).
In its motion for summary judgment, National Collegiate did not produce the note. It merely produced a copy of a “promissory note signature page” that referred to terms set forth in additional pages that were not produced. Louisiana law requires that a financial institution present into evidence the original promissory note when the note is being utilized in a judicial proceeding or action involving a claim based upon the existence of such note. La. R.S. 13:3733(G)(l)(d).
In the case sub judice, plaintiff failed to submit the original promissory note into evidence and stated in its discovery response that, according to federal law, 12 CFR 226.25, the original lender was only required to retain the original letter 25 months from the date of application or invitation.
The court held in General Financial Services, Inc. v. Thompson, et al., (M.D.La.1997), 987 F.Supp. 505, that the assignee was entitled to | f,enforce a promissory note that it had purchased from FDIC, as receiver for a failed bank, even though the FDIC had lost the notes prior to delivery to the assignee. The assignee proved ownership of the notes through affidavits submitted by the FDIC stating that the FDIC had transferred ownership of the notes to the assignee. The court found that the assignee had complied with both La. R.S. 13:3740 and 13:3741, as proof of compliance was evidenced via affidavit. Id. Clearly, in the case sub judice, plaintiff presented nothing to comply with R.S 13:3740 and 13:3741.
Plaintiff cites a number of cases including Sears, Roebuck and Co. v. Richardson, 32-951 (La.App.2d Cir.04/05/00), 759 So.2d 190, in its motion for summary judgment and brief in support of its argument that summary judgment was proper. We find, however, that Sears is distinguishable in certain respects from the facts at hand. The claim set forth in Sears was a suit on an open account in which the debt was derived from a credit card account. In the case sub judice, suit is based upon a loan allegedly made, evidenced by a promissory note. For these reasons, we find that the case law presented by plaintiff failed to accurately portray the legal burden of making a prima facie showing that no genuine issue of material fact existed.
Defendant claims that he never took out any loans from the plaintiff or the original lender, Bank One. Defendant also disputes ever signing a promissory note. These are both issues of material fact because |7the existence of the debt is essential to plaintiffs cause of action in this case.
Defendant also argues that a genuine issue of material fact exists as to whether plaintiff is the actual holder of the alleged promissory note. Plaintiff submitted a copy of a document entitled “Pooling Agreement” into evidence, which evidences an agreement for plaintiff to purchase from Bank One a bundle of Education One loans during the 2002-2003 program year. The Pooling Agreement offers no description of the loans being assigned by Bank One. Both affidavits submitted in support of plaintiffs motion for summary judgment fail to mention the assignment between Bank One and plaintiff. As a result, genuine issues of material fact exist as to whether defendant’s alleged student loan *1235 was transferred to plaintiff and whether plaintiff is the rightful holder of that loan.
Plaintiffs petition did not set forth the elements for a suit on a promissory note. Plaintiff failed to establish a prima facie case and defendant’s response demonstrated the existence of material fact issues.
We note that 20 U.S.C. 1091a(a) abolished all federal or state statutory, regulatory, or administrative time limitations on the collection of Department of Education-financed student loans. In answer to interrogatories, plaintiff states that this particular loan was not a government guaranteed loan. The language of the statute is specific regarding which entities may pursue those debts. ■ 20 U.S.C. 1091 eliminates the statute of limitations on actions to enforce student loans |Rfor certain listed lenders. It is not clear whether plaintiff, an assignee, is on the list.

Conclusion

After careful review of the record herein and in light of the evidence presented, this court finds that the motion for summary judgment granted in favor of plaintiff by the trial court was improper, and defendant’s assignment of error is with merit. We reverse and remand. All costs here and below are assessed to plaintiff.