NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-57

TONYA HAWKINS SHEPPARD

VERSUS

PROGRESSIVE BANK, ET AL.

**********

APPEAL FROM THE
FOURTH JUDICIAL DISTRICT COURT
PARISH OF OUACHITA, NO. 2015-1056
HONORABLE CHET D. TRAYLOR, JUDGE AD HOC
**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Sylvia R. Cooks, Chief Judge, and John E. Conery and Charles
G. Fitzgerald, Judges.

AFFIRMED.

**Carol D. Powell Lexing**
**2485 Tower Drive, Suite 6**
**Monroe, Louisiana  71201**
**(318) 324-0700**
**Counsel for Plaintiff/Appellant:**
    **Tonya Hawkins Sheppard**

**Willie Hunter, Jr.**
**900 St. John Street**
**Monroe, Louisiana  71201**
**(318) 388-0883**
**Counsel for Plaintiff/Appellant:**
    **Tonya Hawkins Sheppard**

**Adam C. McNeil**
**Adams & Reese, LLP**
**701 Poydras Street, Suite 4500**
**New Orleans, Louisiana  70139**
**(504) 585-0205**
**Counsel for Defendants/Appellees:**
    **Progressive Bank**
    **Todd G. Burgess**
    **Judy L. Smith**
    **George W. Cummings**
    **Board of Directors of Progessive Bank**

**David H. Nelson**
**Post Office Box 14420**
**Monroe, Louisiana  71207-4420**
**(318) 388-4454**
**Counsel for Defendants/Appellees:**
    **Progressive Bank**
    **Todd G. Burgess**
    **Judy L. Smith**
    **George W. Cummings**

**FITZGERALD, Judge.**

The issue on appeal is whether the trial court erred in granting summary judgment on a payment obligation owed by Dr. Tonya Hawkins Sheppard to Progressive Bank.

## FACTS AND PROCEDURAL HISTORY

On April 19, 2010, Empire Investment Group LLC signed a promissory note for a commercial loan in the principal amount of $238,254.61. The note was made payable to Progressive Bank. That same day, Dr. Sheppard signed a guaranty agreement in favor of Progressive, wherein she personally guaranteed payment of the commercial loan. Empire ultimately defaulted.

In 2015, Dr. Sheppard filed a petition for damages against Progressive and some of its employees. In essence, Dr. Sheppard sought to avoid responsibility under the personal guaranty by alleging fraud. Progressive responded by filing an exception of no cause of action. The trial court, in turn, sustained the peremptory exception and dismissed Dr. Sheppard's suit.

Progressive also reconvened against Sheppard, seeking enforcement of the personal guaranty. In response, Dr. Sheppard asserted various affirmative defenses, including fraud. Progressive then filed a motion for partial summary judgment in October 2016. Incredibly, the hearing on this motion was not held until August 16, 2021.

Nevertheless, at the summary judgment hearing, the trial court granted Progressive's motion in open court. Eleven days later, on August 27, 2021, the ruling was reduced to a written judgment designated as final under La.Code Civ.P. art. 1915(B)(1). Dr. Sheppard timely appealed.

On appeal, Dr. Sheppard asserts the following assignments of error:

1.  Trial Court erred in granting Defendant Progressive Bank['s] partial Summary Judgment when material issues of fact existed.

2.  Trial Court erred in failing to consider as a material fact Progressive Bank fraudulently on April 19, 2010 obtainment of Dr. Sheppard signature on a quarter single page document, with the representative from Progressive Bank verbally misrepresenting that Dr. Sheppard signature was needed only for housekeeping methods tied to her personal home mortgage.

3.  Trial Court erred in relying on an affidavit of Todd Burgess who was not present when another representative of Progressive Bank, Judy Smith, presented a single page document and misrepresented to Dr. Sheppard that the blank document was only tied to her home mortgage and not to refinancing a loan made by Empire Investment Group (EIG) Company that Dr. Sheppard has no ties to.

4.  Trial Court erred in failing to consider as a material fact that Progressive Bank was trying to clear up a fraudulent 2007 note that the Bank had entered into with Empire Investment Group (EIG) that Dr. Sheppard had absolutely no ties to.

5.  Trial Court erred in failing to consider as a material fact the Order issued by Judge Wilson Rambo signed on August 23, 2016.

6.  Trial Court erred in failing to consider as a material fact that a Motion to Compel outstanding Discovery and other Motions needed to be resolved prior to moving forward with Defendant's Partial Motion for Summary Judgment.

## LAW AND ANALYSIS

In reviewing the trial court's decision on a motion for summary judgment, this court applies the de novo standard of review using the same criteria applied by the trial court to determine whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code

2

Civ.P. art. 966(A)(3). In the case before us, the burden of proof rests with Progressive as the mover for summary judgment. La.Code Civ.P. art. 966(D)(1).

"The only documents that may be filed in support of or in opposition to the motion [for summary judgment] are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La.Code Civ.P. art. 966(A)(4). "The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum." La.Code Civ.P. art. 966(D)(2).

Affidavits are specifically addressed in La.Code Civ.P. art. 967. In relevant part, Article 967 states:

> A. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.

Because we are reviewing the grant of summary judgment de novo, and because Progressive has the burden of proving the essential elements of its collection action, we must first determine whether Progressive has established a prima facie case.

### Did Progressive Bank Establish a Prima Facie Case?

To prevail in an action to enforce a promissory note, a lender must prove (1) that the person against whom enforcement is sought executed the note, (2) that the note is in default, (3) that the lender is entitled to enforce the note, and (4) the

outstanding amount of the debt. *Nat'l Collegiate Student Loan Trust 2003-1 v. Thomas*, 48,627 (La.App. 2 Cir. 11/20/13), 129 So.3d 1231. Similarly, to enforce a guaranty agreement, the lender must prove that the person from whom enforcement is sought executed the guaranty. *N&F Logistic, Inc. v. Cathay Inn Int'l, Inc*., 14-835 (La.App. 5 Cir. 4/15/15), 170 So.3d 275.

Louisiana law is well settled: "In a suit on a promissory note, the payee who produces the note sued upon makes out a *prima facie* case of its claim to enforce the note." *JP Morgan Chase Bank, N.A. v. Boohaker*, 14-594, p. 6 (La.App. 1 Cir. 11/20/14), 168 So.3d 421, 426. This same principle holds true in an action to enforce a guaranty. *Woodlands Dev., L.L.C. v. Regions Bank*, 12-754, p. 5 (La.App. 5 Cir. 5/28/14), 141 So.3d 357, 362, *writ denied*, 14-1732 (La. 11/7/14), 152 So.3d 179 ("[I]t was incumbent upon Regions, as the party that will bear the burden of proof on its suit on the promissory note and guarantees, to put forth a *prima facie* case . . . . In order to do so, Regions simply needed to produce the promissory note and guarantees sued upon.").

Here, the documents attached to Progressive's motion for summary judgment include the affidavit of Progressive's vice president, Todd Burgess. The affidavit is not only attached to the motion for summary judgment, but it was later supplemented pursuant to a court order, and the supplemented affidavit is also attached.

In the supplemented affidavit, for example, Burgess gives his current position with the bank, states his familiarity with the commercial loan account at issue, and then identifies (authenticates) the promissory note signed by Empire and the personal guaranty signed by Dr. Sheppard. Sworn copies of the promissory note and personal guaranty are attached to his affidavit in accordance with La.Code Civ.Proc.

4

art. 967(A).[1] Burgess also states in his affidavit that the promissory note is in default. He then gives the outstanding amount due and states that Progressive is entitled to enforce the note and guaranty.

Because Progressive established a prima facie case to enforce the promissory note and guaranty, the burden shifts to Dr. Sheppard to produce evidence of the existence of a material factual dispute or demonstrate that Progressive is not entitled to judgment as a matter of law. This brings us to Dr. Sheppard's specific assignments of error.

### First and Second Assignments of Error

In her first two assignments, Dr. Sheppard asserts that the trial court erred in granting summary judgment because material issues of fact exist. Specifically, Dr. Sheppard contends that the trial court erred in failing to consider, as a material fact, that Progressive fraudulently obtained her signature on the personal guaranty.

However, even though Dr. Sheppard made a general plea of fraud as an affirmative defense, the evidence attached to her opposition memorandum does not create a genuine issue of material fact. For example, in her affidavit, she states that she was seeing patients when a Progressive representative came to her office and advised that she needed to sign the document as soon as possible. According to Dr. Sheppard, the bank representative said that the document concerned her home mortgage. Dr. Sheppard, in turn, signed the document—the 2010 personal guaranty—without reading it. She admits this in her affidavit.

Now to the law. "A contract of guaranty is equivalent to a contract of suretyship and the terms may be used interchangeably." *Fleet Fuel, Inc. v. Mynex,*

---

[1] The authenticity of the promissory note is not disputed. Nor is it disputed that Dr. Sheppard signed the guaranty.

5

*Inc.*, 40,683, p. 3 (La.App. 2 Cir. 3/8/06), 924 So.2d 480, 482, *writ denied*, 06-0762 (La. 6/23/06), 930 So.2d 977. Contracts of guaranty and suretyship are subject to the same interpretive rules as contracts in general. *Id.*

Thus, "A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it." *Williams v. Interstate Dodge Inc.*, 45,159, p. 8 (La.App. 2 Cir. 4/14/10), 34 So.3d 1151, 1156. "The law of Louisiana is that one who signs an instrument without reading it has no complaint." *Tweedel v. Brasseaux*, 433 So.2d 133, 138 (La.1983).

Turning now to fraud as a vice of consent. Simply stated, "Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill." La.Civ.Code art. 1954.

In effect, fraud does not vitiate consent when the party signing a contract could have discovered the alleged fraud simply by reading the terms of the contract. *Martin v. JKD Invs., LLC*, 42,196 (La.App. 2 Cir. 6/20/07), 961 So.2d 575; *Mobil Exploration & Producing U.S. Inc. v. Certain Underwriters Subscribing to Covernote 95-3317(A)*, 01-2219 (La.App. 1 Cir. 11/20/02), 837 So.2d 11, *writ denied*, 03-418 (La. 4/21/03), 841 So.2d 805, *writs denied*, 03-417, 03-438 (La. 5/16/03), 843 So.2d 1129, 1130.

Here, the guaranty signed by Dr. Sheppard is a four-page document. Each page is numbered, and each page contains the caption "**COMMERCIAL GUARANTEE**" in bold capitalized letters. And directly above the signature block is the following disclosure, also in bold capitalized letters:

6

**EACH UNDERSIGNED GUARANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS GUARANTY AND AGREES TO ITS TERMS. IN ADDITION, EACH GUARANTOR UNDERSTANDS THAT THIS GUARANTY IS EFFECTIVE UPON THE GUARANTOR'S EXECUTION AND DELIVERY OF THIS GUARANTY TO LENDER AND THAT THE GUARANTY WILL CONTINUE UNTIL TERMINATED IN THE MANNER SET FORTH IN THE SECTION ENTITLED "DURATION OF GUARANTY." NO FORMAL ACCEPTANCE BY LENDER IS NECESSARY TO MAKE THIS GUARANTY EFFECTIVE. THIS GUARANTY IS DATED APRIL 19, 2010.**

**GUARANTOR:**

**X_____**
**…Tonya Sheppard**

In the end, Dr. Sheppard could have discovered the alleged fraud by simply reading the guaranty. The documents attached to her opposition do not evidence the existence of a genuine issue of material fact to preclude summary judgment in favor of Progressive. Thus, Dr. Sheppard's first and second assignments of error are without merit.

*Third Assignment of Error*

In her third assignment, Dr. Sheppard asserts that the trial court erred in relying on the affidavit of Progressive's vice president, Todd Burgess. Dr. Sheppard argues that the affidavit is not competent evidence because it is not based on the vice president's personal knowledge.

The same argument was made and rejected in *Hibernia National Bank v. Rivera*, 07-962 (La.App. 5 Cir. 9/30/08), 996 So.2d 534. In that case, the affidavit attached to Hibernia's motion for summary judgment was signed by the bank's vice president, Tammy Boyd. The defendant argued that the affidavit was not competent evidence because it was not based on Boyd's personal knowledge. *Id.* The appellate court disagreed, explaining as follows:

7

Mr. Rivera argues that Ms. Boyd was not present when the lease was signed by Honda Town Dealership, nor has she had any dealings with Mr. Rivera. Thus, appellant contends that Ms. Boyd did not have personal knowledge of the statements contained in her affidavit, and it has not been established that she is competent to testify as to the matters set forth in the affidavit.

Personal knowledge means something the witness actually saw or heard, as distinguished from what he learned from some other person or source. *State, Dept. of Transp. and Development v. Cecil*, 42,433, p. 4 (La.App. 2 Cir.2007), 966 So.2d 131, 134, citing *Barnes v. Sun Oil Co.*, 362 So.2d 761 (La.1978); *Jones v. Foster*, 41,619, p. 4 (La.App. 2 Cir. 12/13/06), 945 So.2d 262, 265. The purpose of the requirement of "personal knowledge" is to limit the affidavit to facts which the affiant saw, heard, or perceived with his own senses. *Atkinson v. Allstate Ins. Co.*, 361 So.2d 32, 33 (La.App. 3 Cir.1978) citing *Hidalgo v. General Fire Casualty Company*, 254 So.2d 493 (La.App. 3 Cir.1971). Portions of affidavits not based on personal knowledge of the affiant should not be considered by the trial court in deciding a motion for summary judgment. *Hidalgo v. General Fire & Casualty Company, supra*; *Warden v. Southwest Louisiana Hospital Association*, 300 So.2d 590 (La.App. 3 Cir.1974); *Manuel v. Shaheen*, 316 So.2d 878 (La.App. 3 Cir.1975).

Where business records are concerned, as in the present case, the courts have deemed La.C.C.P. art. 967 satisfied when the affiant is qualified to identify the business records as such. The affiant has not been required to show that he personally prepared the business records, or that he had direct, independent, first hand knowledge of the contents thereof. *Delcambre, Jr. v. Price*, 99-0223, p. 3 (La.App. 4 Cir. 3/24/99), 738 So.2d 593, 595 *citing Brown v. Adolph*, 96-1257 (La.App. 1 Cir. 3/27/97); 691 So.2d 1321. *See also Whitney Nat. Bank v. Reliable Mailing*, 96-968, p. 4 (La.App. 5 Cir. 4/9/97); 694 So.2d 479, 481. This Court has specifically found a bank's vice president's summary judgment affidavit was not insufficient, where the vice president was familiar with the account. *Whitney, supra*.

Based on the foregoing, we find that the affidavit of the bank vice president, where the affiant is identifying business records, satisfies the personal knowledge requirements of La.C.C.P. art. 967. The trial court committed no error in considering Ms. Boyd's affidavit in the summary judgment proceedings.

*Id.* at 539-40.

Like *Hibernia*, the affidavit now in dispute was signed by Progressive's vice president. The affidavit affirmatively shows that Vice President Burgess is qualified

8

to identify the subject business records: the promissory note signed by Empire on April 19, 2010, and the guaranty signed by Dr. Sheppard on April 19, 2010. Thus, the trial court did not err in considering the Burgess affidavit. This assignment is also without merit.

### Fourth Assignment of Error

In this assignment, Dr. Sheppard asserts that the "Trial Court erred in failing to consider as a material fact that Progressive Bank was trying to clear up a fraudulent 2007 note that the Bank had entered into with Empire Investment Group (EIG) that Dr. Sheppard had absolutely no ties to."

This assignment, however, is not relevant to the issues now on appeal. This appeal arises from Progressive's suit to enforce (1) the promissory note signed by Empire on April 19, 2010, and (2) the guaranty signed by Dr. Sheppard on April 19, 2010. The 2007 promissory note referred to by Dr. Sheppard has no bearing on the validity or enforcement of the 2010 promissory note. Nor does it have any bearing on the validity or enforcement of the 2010 guaranty.

Accordingly, this assignment lacks merit.

### Fifth Assignment of Error

In her fifth assignment, Dr. Sheppard asserts that the "Trial Court erred in failing to consider as a material fact the Order issued by Judge Wilson Rambo signed on August 23, 2016."

The Order of August 23, 2016, is a stipulated preliminary injunction. The face of the injunction states that it will remain in place until the case is resolved. The case is now resolved. Put simply, the stipulated preliminary injunction is not evidence of the existence of a material fact to preclude summary judgment in favor of Progressive. This assignment is therefore without merit.

9

*Sixth Assignment of Error*

In her final assignment, Dr. Sheppard asserts that the "Trial Court erred in failing to consider as a material fact that a Motion to Compel outstanding Discovery and other Motions needed to be resolved prior to moving forward with Defendant's Partial Motion for Summary Judgment."

This assignment has nothing to do with the existence of a material fact. Instead, the issue is whether the trial court allowed adequate time for discovery.

To this end, La.Code Civ.P. art. 966(A)(3) provides that summary judgment shall be granted "[a]fter an opportunity for adequate discovery[.]" The abuse of discretion standard governs whether the trial court allowed adequate time for discovery. *Whittington v. QBE Specialty Ins. Co.*, 12-409 (La.App. 3 Cir. 11/7/12), 105 So.3d 797, *writ denied*, 12-2646 (La. 1/25/13), 105 So.3d 723.

In the case before us, Progressive filed its motion for summary judgment in October 2016. The hearing was ultimately held in August 2021. That means that Dr. Sheppard had nearly five years to conduct discovery. Thus, there is no abuse of discretion. This assignment also lacks merit.

**DECREE**

The judgment of the trial court is affirmed. The costs of this appeal are assessed to Tonya Hawkins Sheppard.

**AFFIRMED.**[2]

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules, Courts of Appeal, Rule 2-16.

---

[2] By order of the Louisiana Supreme Court, this appeal was transferred to this court from the Louisiana Fifth Circuit Court of Appeal due to the fifth circuit judges' en banc recusal of themselves from this case.